FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ DEC 0 1 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LIBERTY SYNERGISTICS INC., a California corporation,

        Plaintiff,

-against-

MICROFLO LTD, an inactive New York corporation, EDWARD MALKIN, an individual, ECOTECH LIMITED, a Cayman Islands Company, and DOES 1 through 20, inclusive,

        Defendants.
----------------------------------------X

CV-11-0523 (SJF)(ETB)

**ORDER**

FEUERSTEIN, J.

Before the Court are objections by all parties to an Amended Memorandum Opinion and Order[1] of United States Magistrate Judge E. Thomas Boyle dated October 26, 2011 ("the Report"), construed as recommending that the motion of defendants MicroFlo Ltd. ("Microflo"), Edward Malkin ("Malkin") and Ecotech Limited ("Echotech") (collectively, "defendants") to strike the complaint pursuant to California Code of Civil Procedure § 425.16 (the "anti-SLAPP statute") and for sanctions be denied. For the reasons stated herein, the Report of Magistrate Judge Boyle is modified as set forth herein and is otherwise accepted in its entirety.

---

[1] Although designated as an "Amended Memorandum Opinion and Order," all parties agree that defendants' motion was dispositive and that the parties did not consent to the referral to the magistrate judge. Accordingly, I deem the "Amended Memorandum Opinion and Order" to be a report and recommendation, subject to review under 28 U.S.C. § 636(b)(1)(B).

1

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Milano v. Astrue, No. 05 Civ. 6527, 2008 WL 4410131, at * 1 (S.D.N.Y. Sept. 26, 2008), aff'd, 382 Fed. Appx. 4 (2d Cir. June 16, 2010); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II.  Objections

A.  Plaintiff's Objections

Plaintiff contends that Magistrate Judge Boyle erred, *inter alia*: (1) in making certain findings of contested facts in favor of defendants; and (2) in finding that New York substantive law applies to its malicious prosecution claim. Given the procedural posture of this case, the factual background set forth in Magistrate Judge Boyle's Report is deemed to be for purposes of

2

the motion and are not considered findings of fact binding upon this Court in future proceedings in this action.

Moreover, even assuming, *arguendo*, that Magistrate Judge Boyle erred in finding that the stipulation of discontinuance filed in the underlying action, requiring each party to bear its own costs, included attorney's fees, any such error does not affect the remainder of his analysis, nor his conclusion that New York law applies to plaintiff's malicious prosecution claim, which is accepted in its entirety. Since Magistrate Judge Boyle addressed the language of the stipulation of discontinuance in mere dicta, the issue of whether attorney's fees was included therein will be resolved, if necessary, later in this litigation. Accordingly, plaintiff's objections are sustained to the extent that any finding by Magistrate Judge Boyle that the stipulation of discontinuance includes attorney's fees is rejected, for resolution at a later date.

B. Defendants' Objections

Defendants contend that Magistrate Judge Boyle erred, *inter alia*, in finding that because California would apply New York law to plaintiff's malicious prosecution claim, California would not apply its own anti-SLAPP statute in this litigation. According to defendants, under California choice-of-law principles, which Magistrate Judge Boyle correctly found to be applicable to this case, a separate conflict of laws inquiry must be made with respect to each issue in the case. Defendants maintain that "New York has no interest in not applying California's Anti-SLAPP statute in this litigation." (Def. Obj., at 3).

Upon *de novo* review of the Report and underlying motion papers, and consideration of defendants' objections and plaintiff's response thereto, defendants' objections are overruled and

3

so much of the Report as recommends denying defendants' motion to strike pursuant to California's anti-SLAPP statute is accepted in its entirety.

III.  Motion to Strike

Since the additional documents provided by defendants were not before the Magistrate Judge on the underlying motion to strike, and are not necessary for this Court's review of the Report, plaintiff's motion to strike the Declaration of Eugenie Temmler, Esq., and the documents attached thereto, is granted and those documents have not been considered by the Court.

IV.  Conclusion

Upon *de novo* review and consideration of plaintiff's objections, the Report is modified as set forth herein and is otherwise accepted in its entirety. For the reasons set forth herein, and in so much of the Report as is accepted herein, defendants' motion to strike and for sanctions is denied. Plaintiff's motion to strike the Declaration of Eugenie Temmler, Esq., and the documents attached thereto, is granted.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 1, 2011
Central Islip, New York