UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

LIBERTY SYNERGISTICS, INC.,

                Plaintiff,

                              **MEMORANDUM & ORDER**
      v.                             11-CV-523 (MKB)

MICROFLO LTD, EDWARD MALKIN,
ECOTECH LTD and DOES 1 through 20,

                Defendants.

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

       This action arises out of litigation brought by Defendant Microflo against Plaintiff Liberty Synergistics in New York State Court (the "Underlying Litigation"). The Underlying Litigation was removed by Plaintiff to this District and was ultimately resolved when the parties entered into a stipulation of dismissal with prejudice. Plaintiff then filed the above-captioned action in California State Court against Defendants Microflo, Edward Malkin, Echotech and Does 1 through 20, alleging malicious prosecution. Defendants removed the action to the Central District of California and filed an Answer. Defendants then moved under California Code of Civil Procedure § 425.16 (the "California anti-SLAPP statute") to strike the Complaint and dismiss the action as a strategic lawsuit against public participation. Before that motion was decided, the parties stipulated to transfer the case to this District. (Docket No. 13.) Magistrate Judge Boyle denied Defendants' motion to strike, finding that New York substantive law applies in this action, and, therefore, Defendants could not bring a motion to strike under the California anti-SLAPP statute. (Docket No. 45, Oct. 26, 2011 Amended Memorandum & Order ("Report

& Recommendation")[1] at 19–20.) Judge Feuerstein[2] adopted the Report & Recommendation in relevant part. (Docket No. 60, Dec. 1, 2011 Order ("2011 Order") 3–4.) On January 3, 2012, Defendants timely filed an appeal in the Second Circuit, arguing that the Court committed reversible error when it ruled that the California anti-SLAPP statute did not apply in the instant litigation. The appeal is currently pending.

After discovery was complete, Plaintiff submitted a request for a pre-motion conference in order to file a motion for summary judgment. (Docket No. 83, Aug. 7, 2012 Letter from Plaintiff.) Defendants then filed a letter with the Court, indicating that they intended to file a motion for a stay pending appeal and, if that motion is denied, leave to file a motion for summary judgment. (Docket No. 88, Aug. 25, 2012 Letter from Defendants.) On September 19, 2012, the Court held a pre-motion conference and granted Defendants leave to file their motion for a stay. Plaintiff timely opposed Defendants' motion. For the reasons set forth below, Defendants' motion for a stay is denied.

The party seeking a stay "bears the burden of proving that a stay should be granted, and stays pending an appeal are only granted in limited circumstances." *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012); *see also Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion.") (alteration in original) (citation omitted); *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, No. 05 Civ. 5155, 2007 WL 674691, at *4 (E.D.N.Y. Feb. 28, 2007) ("Courts are generally reluctant to stay proceedings out of concern for a plaintiff's right to proceed with its case."). Four criteria are relevant in considering whether to

---

[1] Although captioned a Memorandum & Order, Judge Feuerstein deemed the decision a Report & Recommendation. (Docket No. 60.)

[2] This action was transferred to the undersigned on March 23, 2012.

2

stay an action pending appeal: (1) likelihood of success on the merits; (2) irreparable injury if a stay is denied; (3) substantial injury to the opposing party if a stay is issued; and (4) the public interest. *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). These factors are interrelated, such that "more of one excuses less of the other." *United States v. N.Y.C. Bd. of Educ.*, 620 F. Supp. 2d 413, 416 (E.D.N.Y. 2009) (quoting *Mohammed*, 309 F.3d at 101). Therefore, the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." *Mohammed*, 309 F.3d at 101. Defendants have failed to demonstrate that a stay is appropriate at this time.

First, Defendants argue that if their motion for a stay is denied, they will suffer the irreparable injury of being "required to prepare for and defend a trial from which they should be immune." (Def. Mem. 9–10.) The parties have not yet filed motions for summary judgment; thus, there is no immediate risk of trial. *See Hargroves v. City of New York*, No. 03 Civ. 1668, 2010 WL 3619542, at *3 (E.D.N.Y. Sept. 10, 2010) (no irreparable injury where the action was still in discovery and "not on the verge of trial"). The only potential harm to Defendants is the additional litigation expense resulting from the summary judgment motions, and, as Defendants acknowledge, "[i]t is well established in the Second Circuit that 'quantifiable money damages cannot be deemed irreparable harm.'" (Def. Mem. 12 (quoting *Harris v. Butler*, 961 F. Supp. 61, 63 (S.D.N.Y. 1997)); *see also Ford v. Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003) ("To establish irreparable harm, the injury alleged must be one requiring a remedy of more than mere money damages." (citation and internal quotation marks omitted)). Although the Court recognizes that certain financial damages ⸺ namely, attorneys' fees — may not be available to Defendants if

3

they prevail on their summary judgment motion, the Court finds this risk insufficient to establish irreparable injury at this stage of the litigation.[3]

Second, Defendants argue that Plaintiff will not be adversely affected by a stay because Plaintiff only seeks money damages and, if Defendants lose their appeal, the matter will be scheduled for trial. (Def. Mem. 12.) The Court agrees that, aside from the delay, Plaintiff will not be adversely affected by a stay. However, Defendants' claim that a trial can immediately be scheduled if they lose their appeal disregards the current stage of this litigation. *Id.* The parties both seek leave to move for summary judgment; thus, these motions must be briefed, argued and decided before this action will be ready for trial. Moreover, this action has already been pending in this Court for over two years.

---

[3] Defendants argue that if they prevail on their motion for summary judgment, their appeal will be rendered moot. (Def. Mem. 7.) Under the California anti-SLAPP statute, Defendants would be able to recover attorneys' fees, but, if they prevail on their motion for summary judgment, Defendants will not be able to recover attorneys' fees. *Id.* Courts in this Circuit have disagreed as to whether the threat of mootness in the absence of a stay constitutes an irreparable injury. *See In re DBSD N. Am., Inc.*, No. 09 Civ. 10156, 2010 WL 1838630, at *1 (S.D.N.Y. May 7, 2010) ("There is a division of authority as to whether the risk that an appeal may become moot in the absence of a stay pending appeal constitutes threatened irreparable injury."); *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) ("Courts are divided, and the Second Circuit has not yet spoken, on the issue of whether the risk that an appeal may become moot in the absence of a stay pending appeal satisfies the irreparable injury requirement."). "A majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." *In re Adelphia Commc'ns Corp.*, 361 B.R. at 347 (collecting cases). Moreover, courts that have found that the threat of mootness establishes an irreparable injury have done so where "the denial of a stay pending appeal risks mooting any appeal of a *significant* claim of error." *In re DBSD N. Am., Inc.*, 2010 WL 1838630, at *1 (emphasis added); *see also In re Adelphia Commc'ns Corp.*, 361 B.R. at 348 (holding that "where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied"). Here, there is no risk of error, let alone significant error. Defendants' appeal would only become moot, if they prevail on their summary judgment motion. In that situation, the Complaint would be dismissed, and the only injury to Defendants would be that they may not be able to recover attorneys' fees. This risk does not establish irreparable injury.

Third, Defendants argue that they have a strong likelihood of success on appeal. (Def. Mem. 14.) For the purposes of the appeal, the parties do not dispute that California's choice of law rules apply to this action, and that, according to those rules, New York substantive law applies to Plaintiff's malicious prosecution claim. Magistrate Judge Boyle found that because New York substantive law applies, Defendants could not bring a motion to strike under the California anti-SLAPP statute. (Report & Recommendation 19–20.) Defendants argued to Magistrate Judge Boyle — and in their objections to Judge Feuerstein — that a separate choice of law inquiry must be conducted with regard to the anti-SLAPP statute and that separate inquiry would establish that California law applies to the anti-SLAPP statute. (2011 Order 3–4; Report & Recommendation 20.) This argument was rejected by Magistrate Judge Boyle and Judge Feuerstein. *Id.* In fact, Magistrate Judge Boyle noted in response to this claim, "If the argument is that the anti-SLAPP motion somehow conceptually precedes the choice-of-law decision (that is, that the anti-SLAPP motion should be decided as if the choice-of-law question has not been answered), the Court is equally flummoxed as to the precedential or doctrinal authority that supports this view." (Report & Recommendation 20.) In light of the prior decisions of Magistrate Judge Boyle and Judge Feuerstein, the Court finds that Defendants have not demonstrated a substantial likelihood of success on the merits.

Finally, Defendants argue that a stay is in the public interest because the California anti-SLAPP statute "has stated, through its legislature and its judiciary, the strong public interest in providing immunity from suit or trial underlying the California Anti-SLAPP statute." (Def. Reply 15.) Given the limited injury to Defendants at this stage and that Defendants will not yet be subjected to a trial, any public interest implicated is minimal. Looking at the four factors

together, the Court finds that Defendants have failed to meet their burden of proving that a stay should be granted.

Defendants' motion for a stay is denied without prejudice to renew the motion prior to trial. The parties are directed to file a proposed briefing schedule for the motions for summary judgment by January 15, 2013.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 8, 2013
      Brooklyn, New York