UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

LIBERTY SYNERGISTICS, INC.,

                Plaintiff,

        v.

MICROFLO, LTD., EDWARD MALKIN,
ECOTECH LIMITED, and DOES 1–20,

                Defendants.

--------------------------------------------------------------

**MEMORANDUM & ORDER**
11-CV-523 (MKB) (SIL)

MARGO K. BRODIE, United States District Judge:

        Plaintiff Liberty Synergistics, Inc. commenced this action on September 17, 2010, against

Defendants Microflo, Ltd., Edward Malkin, Ecotech Limited, and Does 1 through 20, alleging

that Defendants maliciously prosecuted an action against Plaintiff in *Microflo, Ltd. v. Liberty*

*Bearing Corp.*, No. 08-CV-3907 (E.D.N.Y. filed Sept 24, 2008).[1]  (Compl., annexed to Notice of

Removal as Ex. A., Docket Entry No. 1.)  After years of extensive litigation, Plaintiff has failed

to prosecute this action over approximately the last six months.  By report and recommendation

dated May 11, 2017 (the "R&R"), Magistrate Judge Steven Locke recommended that the Court

dismiss Plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41 of the

Federal Rules of Civil Procedure.  (R&R 1, Docket Entry No. 164.)  Judge Locke also

recommended that the Court find Plaintiff in default on Defendants' counterclaims and

determine damages owed to Defendants at an inquest.  As discussed below, the Court adopts the

---

[1]  After Liberty commenced this action on September 17, 2010 in California state court,
Defendants removed the action to the Central District of California.  (*See* Compl., annexed to
Notice of Removal as Ex. A.)  The parties then requested that the action be transferred to the
Eastern District of New York pursuant to 28 U.S.C. § 1404(a).  (Order on stipulation to transfer
to Eastern District of New York, Docket Entry No. 15.)

R&R in its entirety.

## I.    Background

The Court assumes familiarity with the facts and procedural history of the case as detailed in the Court's Memorandum and Order dated September 25, 2014. *Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 274–76 (E.D.N.Y. 2014). The Court provides only a summary of the relevant procedural history.

In August of 2011, Defendants moved to strike the Complaint and for sanctions, which request then Magistrate Judge Thomas Boyle denied and Judge Sandra Feuerstein subsequently affirmed in substantial part. (*See* Docket Entry Nos. 45, 60.) Defendants appealed the denial of their motion to the Second Circuit. (*See* Notice of Appeal, Docket Entry No. 63.)

While the case was pending before the Second Circuit, Plaintiff filed an Amended Complaint on July 23, 2012, in response to which Defendants asserted various counterclaims against Plaintiff. (Am. Compl., Docket Entry No. 80; Answer & Counterclaims, Docket Entry No. 82.) On September 26, 2012, Defendants moved to stay the matter pending the outcome of their appeal, which stay the Court denied.[2] (Defs. Mot. to Stay Pending Appeal, Docket Entry No. 96; Mem. & Order, Docket Entry No. 99.)

On May 31, 2013, the Second Circuit reversed and remanded Judge Feuerstein's decision denying Defendants' motion to strike the Complaint and for sanctions. *Liberty Synergistics Inc. Microflo Ltd.*, 718 F.3d 138, 156–57 (2d Cir. 2013). On June 18, 2013, Judge Boyle ordered supplemental briefing in light of the Second Circuit's decision.[3] (Min. Entry dated June 18,

---

[2] The case was reassigned to the undersigned on March 23, 2012.

[3] The case was subsequently reassigned from Judge Boyle to Magistrate Judge William D. Wall on July 15, 2013.

2013, Docket Entry No. 121.)  On December 11, 2013, Defendants filed a supplemental motion to strike.  (Defs. Suppl. Mot. to Strike, Docket Entry No. 130.)  On December 17, 2013, then Magistrate Judge William Wall recommended that the Court grant the motion, dismiss the Complaint and allow the parties to brief the issue of sanctions.[4]  (Report & Recommendations dated Dec. 17, 2013, Docket Entry No. 134.)

On September 25, 2014, the Court adopted in part and denied in part Judge Wall's report and recommendations, denying the motion to strike as to the named Defendants, granting the motion to strike as to Does 1 through 20 and denying Defendants' motion for sanctions.  (Mem. & Order dated Sept. 25, 2014, Docket Entry No. 140.)  Defendants subsequently appealed the Court's September 25, 2014 decision, which appeal was dismissed by the Second Circuit on April 21, 2016 for lack of appellate jurisdiction.  (Mandate of USCA, Docket Entry No. 149.)

While the matter was on appeal, on November 6, 2015, Plaintiff requested permission to move for a prejudgment order of attachment.  (Pl. Letter dated Nov. 6, 2015, Docket Entry No. 146.)  Although Plaintiff proposed a briefing schedule which was approved by Judge Locke, Plaintiff never moved for the order of attachment.  (Order dated May 19, 2016.)

On October 13, 2016, Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois") filed a motion to be relieved as Plaintiff's counsel, citing both Plaintiff's failure to pay its legal fees since August of 2015 and a communication breakdown between Plaintiff and Lewis Brisbois.  (Mot. to Withdraw, Docket Entry No. 154.)  On November 22, 2016, Judge Locke granted Lewis Brisbois' motion, stayed the action for ninety days and directed Plaintiff to retain new counsel or risk entry of a default judgment.  (Order dated Nov. 22, 2016, Docket Entry No. 160.)  Judge

---

[4]  The case was subsequently reassigned from Judge Wall to Judge Locke on July 31, 2014.

Locke also scheduled a status conference for February 24, 2017, which conference was later adjourned to March 2, 2017. (Order dated Jan. 30, 2017.)

Plaintiff failed to appear at the March 2, 2017 conference. (Min. Entry dated Mar. 2, 2017, Docket Entry No. 161.) Judge Locke rescheduled the conference for April 7, 2017 and warned Plaintiff that "failure to appear will result in recommendation of dismissal of Plaintiff's claims and default on Defendants' counterclaims." (*Id*.) Plaintiff failed to appear at the April 7, 2017 status conference, and Judge Locke rescheduled the conference for May 9, 2017, again warning Plaintiff that "failure to appear will result in recommendation of dismissal of Plaintiff's claims and default on Defendants' counterclaims." (Min. Order dated Apr. 7, 2017, Docket Entry No. 162.) Plaintiff again failed to appear at the May 9, 2017 conference. (Min. Order dated May 9, 2017, Docket Entry No. 163.)

On May 11, 2017, Judge Locke issued the R&R, recommending that Plaintiff's claims be dismissed for failure to prosecute and that the Court enter a default judgment against Plaintiff on Defendants' counterclaims. (R&R 1, 7.) Plaintiff did not file any objections to the R&R.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission

in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

## III.  Conclusion

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Locke's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff's claims are dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Court further orders a default judgment against Plaintiff as to Defendants' counterclaims, and respectfully refers the matter to Judge Locke for a determination of damages as to Defendants' counterclaims.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: September 18, 2017
       Brooklyn, New York