UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LIBERTY SYNERGISTICS, INC.,

      Plaintiff,

v.

MICROFLO, LTD., EDWARD MALKIN, ECOTECH
LIMITED, and DOES 1–20,

      Defendants.

**MEMORANDUM & ORDER**
11-CV-0523 (MKB) (SIL)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Liberty Synergistics, Inc., commenced the above-captioned action on September 17, 2010, in California state court, against Defendants Microflo, LTD., Edward Malkin, Ecotech Limited, and Does 1–20 (the "Current Action"). (Notice of Removal 9–16, Docket Entry No. 1.) Plaintiff alleges that Defendants maliciously prosecuted a prior action against Plaintiff, *Microflo, Ltd. v. Liberty Bearing Corp.*, No. 08-CV-3907 (E.D.N.Y. filed Sept. 24, 2008) (the "September 2008 Action"). (*Id.*) On September 30, 2010, Defendants removed the Current Action to the Eastern District of New York. (Notice of Removal.) On July 23, 2012, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 80.) In response to Plaintiff's Amended Complaint, Defendants asserted counterclaims for breach of contract, and violation of a June 28, 2010 settlement agreement from the September 2008 Action, which was approved by District Judge Leonard D. Wexler on July 1, 2010 (the "July 2010 Settlement Agreement"). The July 2010 Settlement Agreement provided that each party would bear its own costs in connection with the September 2008 Action. (Defs. Answer ¶¶ 1–17, Docket Entry No. 82.) In their counterclaims in the Current Action, Defendants allege that Plaintiff violated the terms of the

July 2010 Settlement Agreement by initiating the Current Action and seeking to recover costs and attorneys' fees. (*Id*.) As a result, Defendants seek to recover the costs and attorneys' fees incurred from litigating the Current Action. (*Id*. at 10.) Currently before the Court is a report and recommendation from Magistrate Judge Steven I. Locke, recommending that the Court grant Defendants' motion for a default judgment based on their counterclaims against Plaintiff.

## I. Procedural history

The Court assumes familiarity with the facts and procedural history of the case as detailed in the Court's decisions dated September 25, 2014, *Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 274–76 (E.D.N.Y. 2014), and September 18, 2017, *Liberty Synergistics, Inc. v. Microflo, Ltd.*, No. 11-CV-523, 2017 WL 4119268, at *1 (E.D.N.Y. Sept. 18, 2017). The Court provides only a summary of the relevant procedural history.

After years of litigation, on October 13, 2016, Plaintiff's counsel, Lewis Brisbois Bisgaard & Smith LLP, moved to withdraw as counsel for Plaintiff, citing a breakdown in attorney-client communications and non-payment of fees. (Mot. to Withdraw, Docket Entry No. 154.) On November 22, 2016, Judge Locke granted counsel's request, and stayed the action for ninety days to allow Plaintiff to retain new counsel or risk entry of a default judgment. (Order dated Nov. 22, 2016, Docket Entry No. 160.) Plaintiff did not retain new counsel and subsequently failed to appear at a March 2, 2017 status conference, (Minute Entry dated Mar. 2, 2017, Docket Entry No. 161), and two rescheduled conferences on April 7, 2017 and May 9, 2017, (Minute Entry dated Apr. 7, 2017, Docket Entry No. 162; Minute Entry dated May 9, 2017, Docket Entry No. 163).

By report and recommendation dated May 11, 2017, Judge Locke recommended that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute (the "May 2017 R&R").

(May 2017 R&R, Docket Entry No. 164.) Judge Locke also recommended that the Court find Plaintiff in default with regard to Defendants' counterclaims. (*Id*.) The Court adopted the May 2017 R&R on September 18, 2017, (Order dated Sept. 18, 2017, Docket Entry 166), and directed Defendants to formally seek a default judgment based on their counterclaims, (Order dated Oct. 12, 2017).

On June 28, 2018, Defendants moved for a default judgment. (Defs. Mot. for Default J., Docket Entry No. 167.) The Court referred Defendants' motion to Judge Locke for a report and recommendation. (Order dated Oct. 3, 2018.)

## II. Report and recommendation

By report and recommendation dated November 6, 2018, (the "R&R"), Judge Locke found that Plaintiff was liable for (1) breach of contract and (2) violation of the July 2010 Settlement Agreement, and recommended that the Court grant Defendants' motion for default judgment against Plaintiff in the amount of $271,363.20, consisting of $254,747.50 in legal fees and $16,615.70 in costs. (R&R 6,16, Docket Entry No. 168.) No party has objected to the R&R.

## III. Review of report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission

3

in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Defendants' motion for a default judgment and orders judgment in the amount of $271,363.20. The Clerk of Court is directed to close this case.

Dated: February 26, 2019
       Brooklyn, New York

                                    SO ORDERED:

                                    s/ MKB
                                  MARGO K. BRODIE
                                  United States District Judge